UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3365 CAS (AJWx) | Date | June 19, 2008 |
|---|---|---|---|
| Title | DEBRA BENTON v. NEW ALBERTSON'S, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**  **ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

**I.    FACTUAL AND PROCEDURAL HISTORY**

On April 15, 2008, plaintiff Debra Benton filed a complaint in the Los Angeles County Superior Court against her former employer, New Albertson's, Inc. ("Albertson's"), and her supervisor at Albertson's, Manny Haro ("Haro").

Plaintiff alleges that while she was employed as a bookkeeper at an Albertson's grocery store, she suffered work-related injuries to her spine and wrist. Compl. ¶¶ 6, 8. Plaintiff alleges that these injuries resulted from performing her work duties at an ergonomically incorrect work station. Id. ¶ 9. Plaintiff alleges that she reported her injuries to Albertson's and was placed on disability leave on several occasions. Id. ¶¶ 10-13. Plaintiff further alleges that defendants refused her multiple requests to allow her to work using an ergonomically correct computer desk. Id. ¶¶ 16-17.

According to plaintiff, after she asked to exchange work shifts with her co-workers, Haro displayed a sign in her workplace stating, "nobody can authorize Debbie to switch shifts because she is free labor." Id. ¶ 18. Plaintiff alleges that Haro displayed this sign maliciously and that the display of this sign caused her to feel humiliated. Id. Plaintiff further alleges that on two occasions, Haro changed the start times for her work shifts without informing her, and that these changes caused her to arrive to work late. Id. ¶ 19. Plaintiff alleges that Haro then used these tardy appearances as a pretext for her three-day suspension from work. Id. ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3365 CAS (AJWx) | Date | June 19, 2008 |
|---|---|---|---|
| Title | DEBRA BENTON v. NEW ALBERTSON'S, INC.; ET AL. | | |

    Plaintiff alleges that she asked Haro if she could transfer to a different Albertson's store, where she could work at an ergonomically correct computer desk, but that Haro refused to allow her to apply for a transfer. Id. ¶ 22. Plaintiff alleges that defendants terminated her employment on October 11, 2007, in retaliation for her requests that they accommodate her injuries and because she attempted to assert rights protected under the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12940 et seq. ("FEHA").

    Plaintiff alleges the following claims against Albertson's: (1) disability discrimination; (2) failure to provide reasonable accommodation; (3) failure to engage in the interactive process; (4) retaliation; (5) harassment based on disability; (6) wrongful termination in violation of public policy; and (7) intentional infliction of emotional distress. Plaintiff alleges claims for (1) harassment based on disability and (2) intentional infliction of emotional distress against Haro.

    On May 21, 2008, defendants timely removed the action to this Court, asserting diversity jurisdiction. Because plaintiff requests relief in the form of medical expenses; actual, consequential, and incidental losses, including lost income and benefits; damages for emotional distress and mental suffering; punitive damages; and attorneys' fees; it appears, from the face of the complaint, that the jurisdictional amount has been satisfied. For diversity purposes, plaintiff is a citizen of California. Compl. ¶ 2. Albertson's is a Delaware corporation with its principal place of business in Idaho. Notice of Removal ¶ 11.

    Haro is a California citizen. Id. ¶ 16 n.1. Defendants maintain, however, that Haro has been fraudulently joined to this action, such that plaintiff's joinder of Haro should be disregarded.

    On May 29, 2008, Haro filed a motion to dismiss. Plaintiff filed an opposition thereto on June 9, 2008. Haro filed a reply on June 16, 2008.

## II. LEGAL STANDARD

    Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3365 CAS (AJWx) | Date | June 19, 2008 |
|---|---|---|---|
| Title | DEBRA BENTON v. NEW ALBERTSON'S, INC.; ET AL. | | |

controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court...." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham ...and is not fraudulent in fact or in law.") (citations and internal quotation marks omitted); Good v. Prudential Insurance Company of America, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.") (citing Dodson at 42). In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42. Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer ¶ 2:681 (citing W.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3365 CAS (AJWx) | Date | June 19, 2008 |
|---|---|---|---|
| Title | DEBRA BENTON v. NEW ALBERTSON'S, INC.; ET AL. | | |

<u>Am.</u> <u>Corp.</u> <u>v.</u> <u>Vaughan</u> <u>Basset</u> <u>Furniture</u>, 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

### III.   CONCLUSION

It appears that plaintiff has alleged one or more cognizable claims against Haro, and therefore, that Haro is not a "sham" defendant. If Haro is properly a defendant to this action, there would not be complete diversity, and this Court would lack subject matter jurisdiction.

Defendants are ordered to show cause no later July 3, 2008, why this Court should not remand this action to the Los Angeles County Superior Court for lack of subject matter jurisdiction.

The hearing on Haro's motion to dismiss is hereby vacated and continued to July 28, 2008.

IT IS SO ORDERED.

:

Initials of
Preparer          SE/CJ