UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 08-3365 CAS (AJWx) | Date | July 24, 2008 |
|---|---|---|---|
| Title | DEBRA BENTON v. NEW ALBERTSON'S, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                                                   Not Present

**Proceedings:** **(In Chambers):** DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (filed 5/29/08)

**(In Chambers):** PLAINTIFF'S MOTION TO REMAND (filed 6/19/08)

## I.    FACTUAL AND PROCEDURAL HISTORY

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On April 15, 2008, plaintiff Debra Benton filed a complaint in the Los Angeles County Superior Court against her former employer, New Albertson's, Inc. ("Albertson's"), and her supervisor at Albertson's, Manny Haro ("Haro").

Plaintiff alleges that while she was employed as a bookkeeper at an Albertson's grocery store, she suffered work-related injuries to her spine and wrist. Compl. ¶¶ 6, 8. Plaintiff alleges that these injuries resulted from performing her work duties at an ergonomically incorrect work station. Id. ¶ 9. Plaintiff alleges that she reported her injuries to Albertson's and was placed on disability leave on several occasions. Id. ¶¶ 10-13. Plaintiff further alleges that defendants refused her multiple requests to allow her to work using an ergonomically correct computer desk. Id. ¶¶ 16-17.

According to plaintiff, after she asked to exchange work shifts with her co-workers, Haro displayed a sign in her workplace stating, "nobody can authorize Debbie to switch shifts because she is free labor." Id. ¶ 18. Plaintiff alleges that Haro displayed this sign maliciously and that the display of this sign caused her to feel humiliated. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 08-3365 CAS (AJWx) | Date | July 24, 2008 |
|---|---|---|---|
| Title | DEBRA BENTON v. NEW ALBERTSON'S, INC.; ET AL. | | |

Plaintiff further alleges that on two occasions, Haro changed the start times for her work shifts without informing her, and that these changes caused her to arrive to work late. Id. ¶ 19. Plaintiff alleges that Haro then used these tardy appearances as a pretext for her three-day suspension from work. Id. ¶ 20.

Plaintiff alleges that she asked Haro if she could transfer to a different Albertson's store, where she could work at an ergonomically correct computer desk, but that Haro refused to allow her to apply for a transfer. Id. ¶ 22. Plaintiff alleges that defendants terminated her employment on October 11, 2007, in retaliation for her requests that they accommodate her injuries and because she attempted to assert rights protected under the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12940 et seq. ("FEHA").

Plaintiff alleges the following claims against Albertson's: (1) disability discrimination; (2) failure to provide reasonable accommodation; (3) failure to engage in the interactive process; (4) retaliation; (5) harassment based on disability; (6) wrongful termination in violation of public policy; and (7) intentional infliction of emotional distress. Plaintiff alleges claims for (1) harassment based on disability and (2) intentional infliction of emotional distress against Haro.

On May 21, 2008, defendants timely removed the action to this Court, asserting diversity jurisdiction. Because plaintiff requests relief in the form of medical expenses; actual, consequential, and incidental losses, including lost income and benefits; damages for emotional distress and mental suffering; punitive damages; and attorneys' fees; it appears, from the face of the complaint, that the jurisdictional amount has been satisfied. For diversity purposes, plaintiff is a citizen of California. Compl. ¶ 2. Albertson's is a Delaware corporation with its principal place of business in Idaho. Notice of Removal ¶ 11.

Haro is a California citizen. Id. ¶ 16 n.1. Defendants maintain, however, that Haro has been fraudulently joined to this action, such that plaintiff's joinder of Haro should be disregarded.

On May 29, 2008, Haro filed a motion to dismiss. Plaintiff filed an opposition thereto on June 9, 2008. Haro filed a reply on June 16, 2008.

On June 19, 2008, the Court issued an order to show cause why this Court should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 08-3365 CAS (AJWx) | Date | July 24, 2008 |
|---|---|---|---|
| Title | DEBRA BENTON v. NEW ALBERTSON'S, INC.; ET AL. | | |

not remand this action to the Los Angeles County Superior Court for lack of subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　JS-6

| Case No. | CV 08-3365 CAS (AJWx) | Date | July 24, 2008 |
|---|---|---|---|
| Title | DEBRA BENTON v. NEW ALBERTSON'S, INC.; ET AL. | | |

matter jurisdiction. On the same day, plaintiff filed a motion to remand the action to state court.

Defendants filed a response to the Court's order to show cause and an opposition to plaintiff's motion to remand on July 3, 2008. Plaintiff filed a reply in support of her motion to remand on July 21, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide

Case 2:08-cv-03365-CAS-AJW Document 27 Filed 07/24/08 Page 5 of 7 Page ID #:468

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 08-3365 CAS (AJWx) | Date | July 24, 2008 |
|---|---|---|---|
| Title | DEBRA BENTON v. NEW ALBERTSON'S, INC.; ET AL. | | |

whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.") (citations and internal quotation marks omitted); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.") (citing Dodson 951 F.2d at 42). In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42. Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

### III. DISCUSSION

Defendants argue that plaintiff cannot state claims for harassment and intentional infliction of emotional distress against Haro, and therefore, he is a "sham" defendant whose citizenship should be disregarded for diversity purposes. Defendants argue that plaintiff's harassment claim against Haro fails because it is really a discrimination claim in disguise, and supervisory employees may not be held liable for discrimination under California law. See Reno v. Baird, 18 Cal. 4th 640, 663 (1998) (holding that individuals who are not themselves employers may not be sued for alleged discriminatory acts under FEHA or for discharge in violation of public policy).

FEHA prohibits both harassment and discrimination. See Cal. Gov. Code §§ 12940(a) & (j)(1). As stated in Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 63 (1996),

> harassment consists of a type of conduct not necessary for performance of a supervisory job. Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job.

Case 2:08-cv-03365-CAS-AJW   Document 27   Filed 07/24/08   Page 6 of 7   Page ID #:469

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                JS-6

| Case No. | CV 08-3365 CAS (AJWx) | Date | July 24, 2008 |
|---|---|---|---|
| Title | DEBRA BENTON v. NEW ALBERTSON'S, INC.; ET AL. | | |

By contrast, discrimination claims "arise out of the performance of necessary personnel management duties." Id.

Janken adopted the delegable authority test to distinguish conduct actionable as discrimination from conduct actionable as harassment, stating that

> the exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment. Making a personnel decision is conduct of a type fundamentally different from the type of conduct that constitutes harassment. Harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance. No supervisory employee needs to use slurs or derogatory drawings, to physically interfere with freedom of movement, to engage in unwanted sexual advances, etc. in order to carry out the legitimate objectives of personnel management. Every supervisory employee can insulate himself or herself from claims of harassment by refraining from such conduct. An individual supervisory employee cannot, however, refrain from engaging in the type of conduct which could later give rise to a discrimination claim. Making personnel decisions is an inherent and unavoidable part of the supervisory function. Without making personnel decisions, a supervisory employee simply cannot perform his or her job duties.

Id. at 64 (citations and footnote omitted). Thus, the court held that "commonly necessary personnel management actions" such as hiring and firing, job and work station assignments, promotions or demotions, performance evaluations, and the like do not come within the meaning of harassment. Id. at 65. On the other hand, harassment "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." Id. This distinction between discrimination and harassment under FEHA was adopted by the California Supreme Court in Reno. Reno, 18 Cal. 4th at 645-47.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 08-3365 CAS (AJWx) | Date | July 24, 2008 |
|---|---|---|---|
| Title | DEBRA BENTON v. NEW ALBERTSON'S, INC.; ET AL. | | |

Relying on Janken and Reno, defendants argue that plaintiff has failed to state a harassment claim against Haro because the allegations upon which this claim is predicated relate solely to actions performed by Haro in execution of his supervisory duties.

However, defendants totally ignore plaintiff's allegation that Haro displayed a sign in her workplace stating, "nobody can authorize Debbie to switch shifts because she is free labor," which, according to plaintiff, was a malicious act that caused her to feel humiliated. Compl. ¶ 18. It cannot be said as a matter of law that Haro's alleged conduct in displaying this sign was not "outside the scope of necessary job performance." It also cannot be said as a matter of law that this alleged conduct was not "engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Accordingly, plaintiff's allegation regarding Haro's display of the offending sign is enough to support a valid claim for harassment against Haro.

As such, the Court is unable to conclude that Haro is a sham defendant.[1] Haro's presence in this action defeats diversity and divests this Court of subject matter jurisdiction. Therefore, this action must be remanded to state court.

**IV. CONCLUSION**

In accordance with the foregoing, the Court GRANTS plaintiff's motion to remand this action to the Los Angeles County Superior Court. In light of the Court's determination that this action must be remanded, the Court does not reach the merits of defendant's motion to dismiss.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] Therefore, the Court does not reach the further question of whether plaintiff has stated a valid claim for intentional infliction of emotional distress against Haro.